UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

          Plaintiff,                Case No. 24-cv-10746

v.                                  Paul D. Borman
                                  United States District Judge

SHAW ELECTRIC COMPANY,

          Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYMOUS STATUS (ECF NO. 2)

This matter is before the Court on Plaintiff Jane Doe's Motion to Proceed Under Pseudonymous Status (ECF No. 2). The Clerk's office has not yet issued a summons for Defendant Shaw Electric Company and will not until this motion is decided. Failure by a plaintiff to obtain court approval to proceed anonymously deprives the Court of jurisdiction to hear the matter. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2004) ("Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because … the federal court lacks jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."). Thus, while Defendant has not yet appeared,

the Court nevertheless has an obligation to address this matter given that it affects the Court's jurisdiction.

For the following reasons, Plaintiff's Motion to Proceed Under Pseudonymous Status (ECF No. 2) is DENIED, and Plaintiff is ORDERED to refile her Complaint with her name within seven (7) days of the date of this Court's Opinion and Order or this matter will be dismissed for lack of jurisdiction.

## I. BACKGROUND

Plaintiff initiated the present action against Defendant Shaw Electric Company with a Complaint filed under the pseudonym Jane Doe, alleging claims for sex discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Michigan Elliott-Larsen Civil Rights Act, Mich. Comp. Laws 37.2010, *et seq.* (ECF No. 1, Compl.) Plaintiff states that she is a trained electrician, and she was employed with Defendant from October 2015 through December 2021. Plaintiff alleges that during her employment with Defendant, she suffered sex- and gender-based misconduct and retaliation including being called a "CUNT," "F***ING P***Y," and "BASTARD," someone leaving grease and other substances around her equipment and workstation, having her vehicle vandalized with chewing gum, having a door slammed in her face, having

2

her work site restricted, being passed over for promotions, and being excluded from certain safety meetings. (*See id.*)

In her present Motion, Plaintiff requests that she be permitted to proceed through this case pseudonymously. (ECF No. 2.) Plaintiff contends that public litigation would require disclosure of "information of the utmost intimacy" because she "would be forced to publicly disclose details of the traumatic sex-based misconduct she experienced and the mental distress she suffered as a result." (*Id.* PageID.26.) She further contends that she risks "suffering injury if identified" "because her current and future employers will be able to discover that she has sued a former employer, exposing her to adverse employment actions." (*Id.* PageID.27.) Finally, Plaintiff argues that Defendant would not be prejudiced if she proceeds under a pseudonym because Defendant already knows Plaintiff's identity and Defendant's counsel stated they would take "no position" on this Motion at this time. (*Id.*)

## II.  LEGAL STANADARD

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). This is because "[p]ublic access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial

3

proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980)); *see also Ericksen v. United States*, No. 16-cv-13038, 2017 WL 264499, at *1 (E.D. Mich. Jan. 20, 2017) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.") (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)). Accordingly, "[p]laintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). Specifically, a court may, in its sound discretion, allow a plaintiff to proceed anonymously where "[the] plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

In determining whether the exceptional circumstances required to defeat the presumption in favor of public disclosure exist in a particular case, courts within the Sixth Circuit Court of Appeals employ a set of factors first articulated in *Doe v. Porter*:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to

4

violate the law, thereby risking criminal prosecution; and (4) whether
the plaintiffs are children.

*Id.* (internal quotes omitted). Courts may also consider other factors, such as whether

the plaintiff would risk harm if identified and whether allowing the plaintiff to

proceed anonymously would prejudice any other parties by forcing them "to proceed

with insufficient information to present their arguments ...." *Citizens for a Strong

Ohio*, 123 F. App'x at 636 (citing *Porter*, 370 F.3d at 561); *see also, e.g.*, *Doe v.

Fedex Ground Package Sys., Inc.*, No. 3:21-CV-00395, 2021 WL 5041286, at *5-8

(M.D. Tenn. Oct. 29, 2021) (considering risk of harm to plaintiff and possibility of

prejudice to defendant if plaintiff proceeded anonymously); *John Does 1-4 v.

Snyder*, No. 12-11194, 2012 WL 1344412, at *2 (E.D. Mich. Apr. 18, 2012)

(considering risk of retaliation and harassment to plaintiff and possibility of

prejudice to defendants). In arriving at its conclusion, however, the court must "start

from the premise that proceeding pseudonymously is the exception rather than the

rule." *Doe v. Franklin Cnty., Ohio*, No. 2:13-cv-00503, 2013 WL 5311466, at *2

(S.D. Ohio Sept. 20, 2013) (citations omitted).

### III.  ANALYSIS

Here, the first, third, and fourth *Porter* factors weigh against Plaintiff's

request to proceed pseudonymously because it is undisputed that she is not

challenging governmental activity, she does not assert that the litigation compels her to disclose an intention to violate the law, and she is not a child. Plaintiff does not address these factors in her Motion.

Plaintiff instead asserts that the second *Porter* factor supports her motion to proceed under a pseudonym because "the litigation will involve disclosure of stigmatizing sexual information of the utmost intimacy." (ECF No. 2, Pl. Mot., PageID.33.) However, the Court finds that Plaintiff's Complaint simply does not rise to the level of "utmost intimacy" supporting proceeding pseudonymously in the federal courts.

Plaintiff cites to a district court decision in *Doe v. Fedex Ground Package System, Inc.*, No. 3:21-CV-00395, 2021 WL 5041286 (M.D. Tenn. Oct. 29, 2021) in support of her assertion that courts have allowed plaintiffs to proceed anonymously where they brought claims of sexual harassment and retaliation. (ECF No. 2, Pl. Mot., PageID.32-33.). However, *Fedex* is factually dissimilar from this case and does not support Plaintiff's Motion. In *Fedex*, the two plaintiffs, Doe and Roe, brought claims against their former employers alleging, among other claims, claims for sexual harassment, retaliation, and race and national origin discrimination. *Fedex*, 2021 WL 5041286, at *1. The plaintiffs alleged that they had been repeatedly physically sexually assaulted by their supervisor, and Doe further alleged that her

6

supervisor had raped her a number of times. *Id.* at \*2. The court, when considering whether prosecution of the suit will compel plaintiff to disclose information of the "utmost intimacy," noted that "[c]ourts have generally recognized that matters of rape and sexual assault involve 'highly sensitive and personal subjects.'" *Id.* at \*5 (citing *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) (collecting cases containing allegations of sexual assault in which the plaintiffs were allowed to proceed under a pseudonym)). The court then further noted that "[a]t the same time, however, … 'the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity.'" (*Id.*) (citing *Ramsbottom v. Ashton*, No. 3:21-cv-00272, 2021 WL 2651188, at \*4 (M.D. Tenn. June 28, 2021) (citation omitted)).

The *Fedex* court then went on to consider the "other factors" and found that the defendants would not suffer prejudice if the plaintiffs were allowed to proceed anonymously. *Id.* \*6. Then, looking at the risk of psychological harm or other injury to the plaintiffs, the court, after considering the plaintiff's declarations, allowed Doe to proceed under a pseudonym because she suffered sexual assault and actual rape "on a repeated basis" and "has undergone and continues to undergo psychiatric treatment and to take medication for depression and PTSD." *Id.* at \*7. However, the court declined to allow Roe to proceed anonymously because her declaration that she is humiliated and embarrassed about having been a victim of sexual assault "falls

short of establishing that requiring her to pursue this lawsuit in her own name would cause – or exacerbate – psychological trauma of the kind that has prompted courts in other cases to permit litigants to proceed pseudonymously." *Id.* (collecting cases).

While not to make light of Plaintiff's allegations in this case, Plaintiff's Complaint here includes claims more typical in a sexual harassment and retaliation employment case of name calling, antagonism of coworkers, exclusion from meetings, and job loss, but includes no remotely similar allegations of sexual assault or rape as in *Fedex*. Plaintiff fails to explain how this case would compel her to disclose information of the "utmost intimacy" of the kind that courts have found permits litigants to proceed anonymously. *See, e.g., Doe v. Fairfield Med. Ctr.*, No. 2:22-cv-3919, 2023 WL 130726, at *1-2 (S.D. Ohio Jan. 9, 2023) (finding that plaintiff's suit involving allegations of sexual harassment in the workplace "does not rise to the level of utmost intimacy."); *Doe v. Univ. of Pittsburgh*, No. 1:17-cv-213, 2018 WL 1312219, at *2 (W.D. Mich. Mar. 14, 2018) (finding that "concerns about annoyance, embarrassment, economic harm and scrutiny from current or prospective employers do not involve information 'of the utmost intimacy'; rather they constitute the type of concerns harbored by other similarly situated employees who file retaliation lawsuits under their real names.").

Moreover, while Plaintiff contends that she suffered "embarrassing and traumatic sexual misconduct," (ECF No. 2, Pl. Mot., PageID.33), as the *Fedex* court recognized, "'the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity.'" *Fedex*, 2021 WL 5041286, at *5 (quoting *Ramsbottom*, 2021 WL 2651188, at *4); *see also id.* at *7 ("Generally, courts have found that a plaintiff's allegations that proceeding publicly would cause embarrassment and humiliation, standing alone, are not sufficient to justify permitting a plaintiff to proceed under a pseudonym.") (citation omitted). Plaintiff has failed to distinguish her case from routine discrimination cases alleging the same or similar conduct.

Plaintiff also asserts that she should be allowed to proceed anonymously as she risks suffering additional mental and economic injury if she is identified because "publicly litigating this matter would significantly set back Plaintiff's mental health" and "proceeding publicly risks economic harm because her current and future employers could discover she sued a former employer, exposing her to adverse employment action." (ECF No. 2, Pl. Mot., PageID.33-34.) However, Plaintiff's generalized allegation "that she was experiencing anxiety because of the hostile work environment and ongoing harassment," (ECF No. 1, Compl., ¶ 64) is insufficient under the facts in this case to justify proceeding anonymously. *See*

9

*Fedex*, 2021 WL 5041286, at *7 (finding Roe's declaration failed to establish "psychological trauma of the kind that has prompted courts in other cases to permit litigants to proceed pseudonymously") (citations omitted). Moreover, Plaintiff's speculative claims of harm to employment prospects if other employers found out she is suing a former employer fail. Such claims are speculative and "the same might be said of most, if not all, litigants alleging employment discrimination." *Fairfield Med. Ctr.*, 2023 WL 130726, at *2; *see also Doe v. Kentucky Cmty. & Tech. Coll. Sys.*, No. 20-6-DLB, 2020 WL 495513, at *2 (E.D. Ky. Jan. 30, 2020) (finding that the suggestion that plaintiff "will almost certainly be severely hampered in his future employment opportunities" with no evidence in support of that statement is "merely hypothetical" and insufficient to support proceeding anonymously).

Finally, Plaintiff has not shown that her privacy interests substantially outweigh the presumption of open judicial proceedings. *Porter*, 370 F.3d at 560. "[P]roceeding pseudonymously is the exception rather than the rule." *Franklin Cnty., Ohio*, 2013 WL 5311466, at *2. While Plaintiff asserts that Defendant would not be prejudiced because Defendant "takes no position" on this motion at this time and already knows of Plaintiff's identity, those facts alone do not justify a request for anonymity. *See Doe v. Univ. of Akron*, No. 5:15-cv-2309, 2016 WL 4520512, at *3 (N.D. Ohio Feb. 3, 2016) (that plaintiff's identity is known to defendant "alone

10

is insufficient to outweigh compliance with the civil rules of procedure and preference for open judicial proceedings.") (citing *G.E.G. v. Shinseki*, No. 1:10-cv-1124, 2012 WL 381589, at *2 n.1 (W.D. Mich. Feb. 6, 2012)). "[T]he broad 'principle that judicial proceedings, civil as well as criminal, are to be conducted in public' serves many other public ends," as "'[t]he people have a right to know who is using their courts.'" *Kentucky Cmty. & Tech. Coll. Sys.*, 2020 WL 495513, at *2 (citations omitted). And anonymous litigation deprives the public of its common law right of access to judicial proceedings and undermines the efficiency of the courts by impeding the application of res judicata and collateral estoppel. *Id.* (citations omitted).

Here, Plaintiff has chosen to file this civil suit against Defendant for damages and her privacy concerns do not substantially outweigh the presumption of open judicial proceedings. Plaintiff's request to be allowed to proceed anonymously will be denied.

## III.  CONCLUSION

For the reasons set forth above, the Court, in the exercise of its discretion, **DENIES** Plaintiff's Motion to Proceed Under Pseudonymous Status (ECF No. 2).

The Court **ORDERS** Plaintiff to refile her Complaint with her name within seven (7) days of the date of this Court's Opinion and Order, or this matter will be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated: March 28, 2024                          s/ Paul D. Borman
                                                Paul D. Borman
                                                United States District Judge